IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE D. ZENUH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1679 |
| ) | District Judge Mark R. Hornak |
| v. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| SERVICEMEMBERS' AND VETERANS' ) | |
| GROUP LIFE INSURANCE, OFFICE OF ) | |
| SERVICEMEMBERS' GROUP LIFE ) | |
| INSURANCE and TRACY BALLIET, ) | Re: ECF No. 15 |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Catherine Zenuh ("Plaintiff"),[1] filed the instant action against Defendants The Prudential Insurance Company of America ("Prudential"), Servicemembers' and Veterans' Group Life Insurance ("SGLI/VGLI"), Office of Servicemembers' Group Life Insurance ("OSGLI") (collectively, "the Defendant-Insurers"), and Tracy Smith ("Smith"),[2] in an effort to recoup the proceeds from her late son's life insurance policy.

Presently before the Court is a Motion to Dismiss submitted on behalf of Defendant Smith. ECF No. 15. For the following reasons, the Motion will be granted.

---

[1] Plaintiff apparently passed away after the instant Complaint was filed. Steve F. Zenuh, the Executor of Plaintiff's estate, however, has since been substituted as Plaintiff in this action. See ECF Nos. 31, 34, 38.

[2] It appears that Defendant Smith has been misidentified in the Complaint as Tracy Balliet.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, Plaintiff's late son, Martin W. Zenuh ("Martin"), was insured under a life insurance policy ("the Policy") issued through Defendant-Insurers since approximately 1996. Plaintiff, who apparently provided financial assistance to Martin to maintain the Policy, was designated as Martin's beneficiary. ECF No. 1 ¶¶ 8, 9. Following Martin's death on April 29, 2016, Plaintiff contacted Prudential, the administrator of the Policy, in order to file a claim for the insurance proceeds and was informed that, shortly before his death, Martin had changed his beneficiary designation from Plaintiff to Defendant Smith and that Prudential intended to pay the $50,000.00 life insurance proceeds to Smith. Id. ¶¶ 10-13, 19.

Plaintiff alleges that prior to his death, Martin suffered from multiple medical conditions and was under the influence of a significant number of drugs which, combined with Martin's admitted use of marijuana and cocaine, impaired his decision-making ability and made him susceptible to the influence of others, including Smith. Id. ¶¶ 14, 15. Plaintiff contends that at the time the beneficiary designation was changed, Martin lacked the capacity to understand the nature of his actions and was unduly influenced by Smith to change his beneficiary. Id. ¶ 16.

Plaintiff commenced this action on November 7, 2016, bringing claims for breach of contract against the Defendant-Insurers (Count I); tortious interference with contract against Defendant Smith (Count II); and a claim for declaratory judgment against all Defendants (Count III). ECF No. 1. On January 4, 2017, Plaintiff filed a Notice of Voluntary Dismissal as to Defendants OSGLI and SGLI/VGLI, ECF No. 4, and on April 11, 2017, the Court issued a Consent Order for Deposit by Interpleader according to which Prudential deposited the Death Benefit owed under the Policy, *i.e.*, $49,982.00 and any applicable interest, with the Clerk of Court and all three Defendant-Insurers were released from all liability to Plaintiff and/or Smith

relating to the Policy and were dismissed from the case. ECF No. 27. As such, Smith is the only Defendant remaining in the case.

Smith filed a Motion to Dismiss on February 9, 2017, ECF No. 15, to which Plaintiff filed a Memorandum of Law in Opposition on March 3, 2017. ECF No. 22. Accordingly, the Motion is ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts

3

suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

As previously discussed, Plaintiff has brought a single claim for tortious interference with contract against Defendant Smith. Smith argues that the claim should be dismissed as Plaintiff has failed to state a plausible claim for tortious interference and, indeed, is unable to do so.

The law is not in dispute. In order to succeed on a claim for tortious interference a plaintiff must demonstrate:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 384 (3d Cir. 2004), *citing* Crivelli v. General Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000). See Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P., 40 A.3d 1261, 1275 (Pa. Super. Ct. 2012).

Here, Plaintiff is unable to satisfy the first element of a tortious interference claim or that she had an existing or prospective contractual relationship with a third party. Indeed, Plaintiff concedes that she was not a party to any existing contract and that the only existing contract in this case is the Policy which was issued by the Defendant-Insurers to Martin, not to Plaintiff. Plaintiff nevertheless argues, without citing to any authority, that a *prospective* contractual relationship between herself and Prudential existed as Prudential would have had an obligation to disburse the proceeds of the Policy to her had Smith not interfered. Prudential's obligation under its contract with Martin, however, does not evidence an intent by Plaintiff and Prudential to enter into an contract, prospective or otherwise. A tortious interference claim is actionable when a

4

plaintiff's intention to enter into a contract with a third party is thwarted by another. CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d at 384. Plaintiff clearly did not intend to enter into a contract with Prudential at any time. Plaintiff therefore has not, and cannot, allege any facts that would permit her to establish a claim for tortious interference against Defendant Smith.

Furthermore, as argued by Smith, Plaintiff has otherwise failed to state a plausible tortious interference claim. Although Plaintiff lists a number of "common" side effects of the drugs that were purportedly found in Martin's system at the time of his death, Plaintiff has failed to allege any facts regarding when Martin changed the beneficiary, what drugs he was taking when he made the change, or what side effects, if any, he was experiencing at that time. Rather, Plaintiff merely concludes that Martin lacked the capacity and/or was incompetent to change his beneficiary and that Smith must have unduly influenced him into making the change. Such conclusions, however, require the Court to speculate that, because drugs were found in Martin's system at the time of his death, he was also taking the drugs when he changed his beneficiary, that he necessarily suffered from the common side effects of the drugs and was suffering from them when he changed his beneficiary at some unspecified point in time. Moreover, Plaintiff has not alleged any facts regarding the relationship between Smith and Martin from which it could be inferred that she was in a position to influence Martin, how she unduly influenced him or when. Under these circumstances, Plaintiff has failed to allege sufficient facts to otherwise state a claim for tortious interference against Smith that is plausible on its face.

Having found that Plaintiff has failed to state a claim for tortious interference against Defendant Smith, it follows that Plaintiff has failed to show that Martin's change of beneficiary is void or voidable or that Smith is not the proper beneficiary of Martin's life insurance Policy.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss submitted on behalf of Defendant Smith, ECF No. 15, is properly granted. Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 13th day of July, 2017, upon careful consideration of the Motion to Dismiss submitted on behalf of Defendant Smith and the Plaintiff's Memorandum of Law in Opposition thereto, IT IS HEREBY ORDERED that Defendant Smith's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Defendant Smith is directed to provide an original, signed W-9 Form to Michael Lutz of the Clerk's Office of the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Upon receipt of the properly executed W-9 Form, Defendant Smith will be issued the Death Benefits deposited by Prudential in the Court's Registry Investment System on April 24, 2017, to-wit, $50,226.34, as well as any interest that has since accrued. See ECF No. 29.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BT THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing